**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO:**

JULIESKY GORRIN,
RAMON ORFILA,
and all others similarly situated,

    Plaintiffs,

vs.

MAXFREIGHT INTERNATIONAL
LOGISTICS OF FLORIDA, LLC,

    Defendant.
_____/

## COLLECTIVE ACTION COMPLAINT

1. Plaintiffs, JULIESKY GORRIN ("Gorrin") and RAMON ORFILA ("Orfila") (Gorrin and Orfila shall collectively be referred to as "Plaintiffs"), were employees of Defendant, MAXFREIGHT INTERNATIONAL LOGISTICS OF FLORIDA, LLC ("Defendant"), and bring this action on behalf of themselves and others for overtime compensation and other relief under the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 *et. seq*. Plaintiffs also file this Complaint pursuant to 29 U.S.C. §215(a)(3) for retaliatory actions taken by Defendant as a direct result of Plaintiffs asserting their statutory rights under the FLSA.

2. At all times material hereto, Plaintiffs performed non-exempt duties as warehouse laborers on behalf of the Defendant in Miami-Dade County, Florida, within the jurisdiction and venue of this Court.

3. Plaintiff Gorrin was hired by Defendant in November 2015.

4. Plaintiff Orfila has hired by Defendant in September 2016.

1

5. Based upon the information preliminarily available, and subject to discovery in this cause, Defendant did not compensate Plaintiffs and all similarly situated employees for all overtime hours worked in a work week.

6. Defendant directly or indirectly acted in the interest of an employer towards Plaintiffs and all similarly situated employees at all material times, including without limitation directly or indirectly controlling the terms of employment of Plaintiffs and all similarly situated employees.

7. At all times material hereto, Defendant managed, owned and/or operated a business for profit in Miami-Dade County, Florida, and regularly exercised the authority to hire and fire employees, determine the work schedules of employees, set the rate of pay of employees, and control the finances and operations of such business. By virtue of such control and authority, Defendant was an employer of Plaintiffs as such term is defined by the Act. 29 U.S.C. §201 *et seq*.

8. At all material times during previous last three years, Defendant has had annual gross revenues of not less than $500,000.00.

9. At all material times during the last three years, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of §3(s)(1) of the Act, in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

10. Alternatively, the Plaintiffs worked in interstate commerce so as to fall within the protections of the Act.

11. The records, if any, concerning the number of hours worked by Plaintiffs and all other similarly situated employees are in the possession and custody of the Defendant.

12. The records, if any, concerning the compensation actually paid to Plaintiffs and all other similarly situated employees are in the possession and custody of the Defendant.

13. Pursuant to 29 U.S.C. §216(b), Plaintiffs and similarly situated employees are entitled to recovery of reasonable attorneys' fees and costs.

14. This cause of action is brought to recover from Defendant overtime compensation, liquidated damages, costs and reasonable attorneys' fees under the provisions of 29 U.S.C. §216(b) on behalf of Plaintiffs and all similarly situated employees during the material time.

15. At all times pertinent to this complaint, Defendant failed to comply with Title 29 U.S.C. §§ 201–209 in that Plaintiffs performed services and labor for Defendant for which Defendant made no provision to pay Plaintiffs compensation to which they were lawfully entitled for the period of time each day they performed labor on behalf of Defendant.

16. The additional persons who may become Plaintiffs in this action are Defendant's non-exempt employees who have worked in excess of Forty (40) hours during one or more work weeks on or after June 2014, and did not receive time and one-half of their regular rate of pay for all of the hours they worked over Forty (40) in one or more work weeks.

17. Plaintiff has retained the law firm of Jonathan S. Minick, P.A. to represent them and has incurred attorneys' fees and costs in bringing this action.

**GENERAL ALLEGATIONS**

18. Plaintiffs and similarly situated employees are required by Defendant to clock-in and clock-out using an electronic timekeeping device.

19. Despite regularly working in excess of forty hours each week, Defendant has systematically manipulated Plaintiff's and similarly situated employees' time records to show total weekly hours of less than forty.

20. By threat of termination if she did not comply, Defendant required Plaintiff to manipulate Defendant's time keeping software to remove overtime hours from her own time cards and the time cards of other employees.

21. Additionally, Defendant instructed Plaintiff to clock-out prior to working forty hours in a week, yet Defendant required Plaintiff to continue working in excess of forty hours per week.

22. Defendant's deliberate and manipulative acts of altering its timekeeping system and requiring Plaintiff to work off-the-clock are willful violations of the FLSA.

23. Defendant's unlawful practices included instructing employees that overtime would not be paid, although overtime hours were not only worked by employees but expected and required.

24. Defendant's violations included: 1) willfully and intentionally changing time cards when Plaintiff and similarly situated employees worked more than 40 hours in a given week to reduce the time to below forty hours; and 2) telling Plaintiff and similarly situated employees to report less than forty hours per week when Defendant knew that these employees worked greater than forty hours.

25. Defendant's actions involve a company-wide unlawful pay policy with the uniform result that Plaintiff and all similarly situated employees are denied their proper compensation.

26. Defendant knowingly violated the law by engaging in a uniform practice where they failed to pay their employees for overtime hours.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION ON BEHALF OF PLAINTIFF GORRIN AND PLAINTIFF ORFILA

27. Plaintiffs re-allege and incorporates herein by reference, all allegations contained in Paragraphs 1 through 26 above.

28. Plaintiffs and similarly situated employees are entitled to be paid time and one-half of their regular rate of pay for each hour worked in excess of Forty (40) hours per work week.

29. Defendant knowingly and willfully failed to pay Plaintiffs and similarly situated employees at time and one half of their regular rate of pay for all hours worked in excess of forty (40) hours per week.

30. The failure of Defendants to compensate Plaintiff and similarly situated employees at their given rate of pay for all hours worked is in violation of the FLSA.

31. Defendant, therefore, is liable to Plaintiffs and similarly situated employees in the amount of their unpaid hours and overtime compensation.

32. By reason of the said intentional, willful, and unlawful acts of Defendant, Plaintiffs and similarly situated employees have suffered damages plus incurring costs and reasonable attorneys' fees.

33. As a result of Defendant's willful violations of the Act, Plaintiffs and similarly situated employees are entitled to liquidated damages.

WHEREFORE, Plaintiffs, and those similarly situated, demand judgment against the Defendant for the payment of compensation for all overtime hours at one and one-half their regular rate of pay for the hours worked for which Plaintiffs have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief including prejudgment interest.

## COUNT II
## RETALIATION AGAINST PLAINTIFF PURSUANT TO 29 U.S.C. § 215(a)(3) ON BEHALF OF PLAINTIFF GORRIN

33. Plaintiff Gorrin re-alleges and incorporates herein by reference, all allegations contained in Paragraphs 1 through 32 above.

34. Defendant took adverse action and retaliated against Plaintiff Gorrin as a direct result of Plaintiff complaining about Defendant's unlawful pay practices.

35. Specifically, Defendant terminated Plaintiff Gorrin's employment as a direct result of Plaintiff Gorrin complaining to his manager about Defendant's failure to properly compensate him at an overtime rate when he worked more than forty (40) hours per week.

36. Plaintiff Gorrin's complaints constituted protected activity under the FLSA.

37. Plaintiff Gorrin performed his duties satisfactorily, and there was no reason to fire him other than retaliation for his complaints about unpaid wages.

38. The retaliatory treatment engaged in by the Defendant was proximately caused by Plaintiff Gorrin's opposition to Defendant's unlawful pay practices.

39. The Defendant's termination of Plaintiff Gorrin was in direct violation of 29 USC § 215(a)(3), and as a result, Plaintiff Gorrin has suffered damages.

WHEREFORE, Plaintiff Gorrin demands judgment against the Defendant for unlawfully retaliating against him in violation of the FLSA and awarding him monetary damages in the form of compensatory, back pay, front pay, as well as liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief.

## COUNT III
## RETALIATION AGAINST PLAINTIFF PURSUANT TO 29 U.S.C. § 215(a)(3) ON BEHALF OF PLAINTIFF ORFILA

33. Plaintiff Orfila re-alleges and incorporates herein by reference, all allegations contained in Paragraphs 1 through 32 above.

34. Defendant took adverse action and retaliated against Plaintiff Orfila as a direct result of Plaintiff complaining about Defendant's unlawful pay practices.

35. Specifically, Defendant terminated Plaintiff Orfila's employment as a direct result of Plaintiff Orfila complaining to his manager about Defendant's failure to properly compensate him at an overtime rate when he worked more than forty (40) hours per week.

33. Plaintiff Orfila's complaints constituted protected activity under the FLSA.

34. Plaintiff Orfila performed his duties satisfactorily, and there was no reason to fire him other than retaliation for his complaints about unpaid wages.

35. The retaliatory treatment engaged in by the Defendant was proximately caused by Plaintiff Orfila's opposition to Defendant's unlawful pay practices.

36. The Defendant's termination of Plaintiff Orfila was in direct violation of 29 USC § 215(a)(3), and as a result, Plaintiff Orfila has suffered damages.

WHEREFORE, Plaintiff Orfila demands judgment against the Defendant for unlawfully retaliating against him in violation of the FLSA and awarding him monetary damages in the form of compensatory, back pay, front pay, as well as liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief.

## DEMAND FOR JURY TRIAL

37. Plaintiffs demand trial by jury as to all issues so triable.

Dated: June 14, 2017                                      Respectfully submitted,

                                                          s/Jonathan S. Minick
                                                          Jonathan S. Minick, Esq.
                                                          FBN: 88743
                                                          E-mail: jminick@jsmlawpa.com
                                                          Jonathan S. Minick, P.A.
                                                          1850 SW 8th Street, Suite 307
                                                          Miami, Florida 33135
                                                          Phone: (786) 441-8909
                                                          Facsimile: (786) 523-0610
                                                          Counsel for Plaintiffs